FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**Frank Hubbard**

COMPLAINT

(Enter above the full name of the plaintiff in this action)

V.

Civil Action No. 18-2055 AET-DEA

**Gary Lanigan**

(To be supplied by the Clerk of the Court)

**Steven Johnson**

**See attached page 4a.**

(Enter the full name of the defendant of defendants in this action)

---

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of   $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

---

6.     If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.     If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.   Jurisdiction is asserted pursuant to (CHECK ONE)

   X     42 U.S.C. §1983 (applies to state prisoners)

   ____     Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

   See attached page 4aa

1b.   Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

X_ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2.     Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.     Parties to previous lawsuit:

Plaintiff(s): _____N/A_____

_____

Defendant(s):__N/A_____

_____

b.     Court and docket number:__N/A_____

c.     Grounds for dismissal: ( )     frivolous     ( ) malicious

( )     failure to state a claim upon which relief may be granted

d.     Approximate date of filing lawsuit:____N/A_____

e.     Approximate date of disposition:_____N/A_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.     Place of Present Confinement?__New Jersey State Prison_____

4.     Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.     Name of plaintiff:____Frank Hubbard_____

Address:   P.O. Box 861, Trenton, N.J. 08625

Inmate#:   47656 / SBI# 997956

b.   First defendant:

Name:   Gary Lanigan

Official position: New Jersey Dept. of Corrections Commissioner

Place of employment: Whittlesey Rd.,P.O.Box 863,Trenton,NJ 08625

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that
violated your constitutional rights?)
see attached page 4-b paragraph 4. and 4-c paragraph 9.

_____

_____

_____

c.   Second defendant:

Name:   Steven Johnson

Official position:  Administrator, New Jersey State Prison

Place of employment: NJSP,3rd & Federal Sts.,Trenton,NJ 08625

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that
violated your constitutional rights?)
See attached page 4b. paagraph 5 and 4c. paragraph 9.

_____

_____

_____

d.   If there are more than two defendants, attach a separate
     sheet. For each defendant specify: (1) name, (2) official
     position, (3) place of employment, and (4) involvement of
     the defendant.

## COMPLAINT

Comes Now, Frank Hubbard, Plaintiff, Pro Se, who alleges  and complains against Defendants Gary Laingan, Steven Johnson, Mary Lang, and Ralph Woodward as follows:

## JURISDICTION AND VENUE

1.   This is an action brought under the Civil Rights Act enacted by Congress to redress the  Deprivation, under Color of State Law, of rights secured by the laws and Constitution of the United States of America. 42 U.S.C. § 1983. This court has original jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 and 1343 (a) (3). Jurisdiction over plaintiff's claims for declaratory relief can be found at 28 U.S.C. § 2201 and 2202. Jurisdiction over plaintiff's claims for injunctive relief can be found at 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of civil Procedure. Supplemental jurisdiction over plaintiff's state related claims can be found at title 28 U.S.C. § 1367.

## PREVIOUSLY DISMISSED ACTIONS

2.   Plaintiff has not had an action or appeal dismissed on three or more occasions on the grounds that the action or appeal was frivolous, malicious, or failed to state a claim upon which relief may be granted.

## PARTIES

3. Plaintiff,  Frank Hubbard, is a state prisoner convicted and sentenced by a New Jersey State Court. Plaintiff is a citizen of the United States. At all times relevant to this complaint defendant's were acting under Color of State Law.

4-a

4. Defendant, Gary Lanigan, is the Commissioner of the New Jersey Department of Corrections, (hereafter NJDOC) during the violations complained of by plaintiff. To the bestof plaintiff's knowledge defendant Lanigan carries out his official duties at NJDOC Central Office, Whittlesey Road, P.O. Box 863, Trenton, N.J. 08625. Defendant Lanigan to the best of plaintiff's knowledge is responsible for implementing and enforcing policy procedures for all NJDOC correctional and satellite facilities in compliance with the Constitutional Laws of the United States, State Laws of New Jersey, and <u>N.J.S.A.</u> 26: 2T-1 et seg. Defendant Lanigan is also responsible for signing and enforcing all contractual agreements between New Jersey Department of Corrections and business entities. Defendant Lanigen as the commissioner has the final supervisory authority to approve or disapprove all policies and operating procedures governing procedures. Defendant Lanigan is being sued in his individual and official capacity.

5. Defendant, Steven Johnson, is the Administrator at NJSP during the violations complained of by plaintiff. To the best of plaintiff's knowledge defendant Johnson carries out his official duties at NJSP, 3rd & Federal streets, Trenton, N.J. 08625. Defendant Johnson to the best of plaintiff's knowledge is responsible for implementing , and enforcing all policy procedures of NJDOC which includes medical operating procedures at NJSP in compliance with the Constitutional laws of the U.S., State laws of New Jersey, and <u>N.J.S.A.</u> 26: 2T-1 et seg. Defendant Johnson as the Administrator has the final supervisory authority to approve or disapprove all policies and operating procedures at NJSP which includes NJSP medical department. Defendant Johnson is being sued in his individual and official capacity.

6. Defendant, Mary Lang, to the best of plaintiff's knowledge is the Administrative Director and liaison person between UCHC and the NJSP during the violations complained of by the plaintiff. To the best of plaintiff's knowledge defendant Lang is employed by UCHC Rutgers, C/O New Jersey Department of Corrections, Bates Building, 2nd Floor, Whittlesey Road, P.O. Box 863, Trenton, N.J. 08625, and carries out her official duties at NJSP, 3rd & Federal Streets, Trenton, N.J. 08625. Defendant Lang to the best of plaintiff's knowledge is responsible for implementing and enforcing all policies and operating procedures in compliance with the contract signed between NJDOC and UCHC, the Constitutional laws of the U.S., State laws, and

4-b

N.J.S.A 26: 2T-1 et seg. Defendant Lang to the best of plaintiff's knowledge also has the supervisory authority to resolve administrative disputes regarding medical treatment and care of prisoners housed at NJSP. Defendant Lang is being sued in her individual and official capacity.

7. Defendant, Ralph Woodward, to the best of plaintiff's knowledge is the NJDOC Medical Director  during the violations complained of by plaintiff. To the best of plaintiff's knowledge defendant Woodward  is employed by UCHC and carries out his official duties at UCHC Rutgers, C/O New Jersey Department of Corrections, Bates Building, 2nd Floor, Whittlesey Road, P.O. Box 863, Trenton, N.J. 08625. Defendant Woodward to the best of plaintiff's knowledge is responsible for implementing and enforcing all policies and operating procedures In compliance with the contract signed between NJDOC and UCHC, the Constitutional laws of the United States, State laws, and N.J.S.A. 26:2T-1 et seg., with regards to prisoners medical care and treatment who are confined within the NJDOC. Defendant Woodward as the Medical Director of NJDOC has the final supervisory authority in matters of medical treatment disputes with the University Medical and Dentistry of New Jersey (hereafter UMDNJ). Defendant Woodward is being sued in his individual and official capacity.

## FACTS

8. Plaintiff was recommended for treatment with harvoni by the specialist and by Dr. Ahsan over two years ago. Defendant Gary Lanigan is responsible for the contract signed between the NJDOC and UCHC. Defendant Steven Johnson is responsible for the immediate care of prisoners.  (see exhibits E1 & E2)

9. In January of 2017, during a chronic care visit, I was told by nurse practitioner Jackson that I am not even on the list to be treated. Defendant Mary Lang is responsible for enforcing the contract between NJDOC and UCHC. Defendant Ralph Woodward has final approval of prisoner's treatment. ( see exhibits E1 & E2)

10. On 9/7/17 Dr. Hussein entered into my record "you are a candidate for harvoni, waiting for administrative approval." (exhibit A)

11. On 9/26/17 my inquiry was answered stating " you are the list for hepatitis C

4-c

treatment." (exhibit A).

12. On 12/2/17 plaintiff wrote an inquiry requesting treatment in accordance with the contract signed between NJDOC and UCHC Rutgers, not placed on a list. (exhibit B).

13. On 12/11/17, after getting an unsatisfactory response, plaintiff wrote a grievance. (exhibit (C).

14. On 12/12/17 plaintiff spoke with nurse practitioner Collier about treatment, as recommended in various responses to inquiries and grievances, Plaintiff was told the administration does not treat patients until this particular number reaches a 1.6, which means their liver is effectively destroyed. That I should be treated but the administration is working with a budget.

15. On 1/13/18 after getting no response from my grievance I wrote an inquiry stating I am accepting this refusal to respond as a denial and I wish to appeal. (exhibit D).

16. Plaintiff has exhausted all available administrative remedies pursuant to 42 U.S.C. § 1997e. (exhibits B, C, D).

17. Prior to filing this complaint about the acts, and failure to act, which resulted in plaintiff's Eighth and Fourteenth Amendment rights being violated, it was well established law that defendants could not violate plaintiff's rights. Defendants knew or should have known that their actions described herein were in direct violation of established court decisions designed to protect prisoner's Eighth and Fourteenth Amendment rights under the United States Constitution and State law.

18. Defendants actions as set forth in the complaint and paragraphs above demonstrate defendants had no legitimate penalogical interest and/or security concerns justifying the arbitrary and intentional infringement upon plaintiff's rights with reckless disregard for the consequences of their actions and inactions.

19. Plaintiff reasserts paragraphs 8 to 16 and states defendants acts, and failure to act are in violation of clearly established law known or should have been known to defendants divesting them of any shield of qualified immunity.

4-d

## Cause of Action I.

## VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS.

20. Plaintiff repeats and alleges paragraph 8 through 16, if same has been set forth herein.

By their acts, and failure to act, defendants violated plaintiff's Eighth Amendment rights, by showing deliberate indifference to plaintiff's serious medical need as prescribed by the infectious disease specialist in violation of the United States Constitution.

## Cause of ActionII

## VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS.

21. Plaintiff repeats and alleges paragraphs 8 through 16, if same has been set forth herein.

By their acts, and failure to act, defendants violated plaintiff's Fourteenth Amendment rights by subjecting plaintiff to cruel and unusual punishment by delaying and withholding life saving medical treatment as prescribed by the infectious disease specialist.

## Cause of Action III.

## VIOLATION OF N.J.S.A. 26:2T-1 ET SEG.

22. Plaintiff repeats and alleges paragraphs 8 through 16, if same has been set forth herein.

By their acts, and failure to act, defendants violated the statutory provisions pursuant to N.J.S.A. 26: 2T-1 et seg., 3.1.5.4. – Hepatitis C – Screening and Treatment contractual agreement  (exhibits ) by delaying and withholding lifesaving medical treatment as prescribed and recommended by the infectious disease specialist.

## PRAYER FOR RELIEF

Plaintiff has no adequate remedy at law to redress the wrongs set forth in this complaint. Plaintiff wil continue to suffer the violations complained of herein unless plaintiff is granted the relief he seeks.

WHEREFORE, plaintiff requests the Court to grant the following relief:

4-e

A. Adjudge and declare the acts, and failure to act by the defendants violates 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the United States Constitution, and the provisions pursuant to N.J.S.A. 26:2T-1 et seg., and for these violations plaintiff seeks $1,000.00 In punitive damages from each defendant for these violations.

B. Defendants actions as set forth in the complaint and paragraphs above demonstrate they arbitrarily, and intentionally deprived plaintiff of his Eighth and Fourteenth Amendment rights with reckless disregard for the consequences of their actions and inactions, defendants' actions as set forth in the complaint violates N.J.S.A. 26:2T-1 et seg. Consequently, plaintiff is entitled to an award for punitive damages in the amount of $100,000.00 from each defendant for these violations to deter defendants from these types of future violations.

C. A permanent injunction ordering defendants, their agents, official employees, and all persons acting in concert with them, under Color of State Law or otherwise, to take all necessary actions to: (1) Correct the violations herein this complaint, (2) ORDER defendants to start plaintiff on hepatitis C treatment immediately in accordance with the infectious diaease specialist recommendations, and (3) any other amendities the Court deems just and fair.

D. Appoint counsel

E. Order a jury trial

F. Grant any other such relief the Court should deem just and equitable under the law.

Dated: 2/1/18

Respectfully Submitted,

Frank Hubbard # 47656
S.B.I. # 997956
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

4-f

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

___X___ Yes _____ No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

Plaintiff filed an inquiry, then a grievance after being

dissatisfied with the answer to the inquiry. The grievance

was not answered so plaintiff filed another inquiry stating

he accepted the lack of a response as a denial, and wished

to appeal. See 4-c and 4-d and exhibits A, B, & C.

If your answer is "No," briefly explain why administrative remedies were not exhausted.

N/A

6. Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

see attached pages 4-d & 4-d

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

7.   Relief

     (State briefly exactly what you want the Court to do for you. Make no
     legal arguments. Cite no cases or statutes.)

     see attached pages 4-e  &  4-f.
     _____
     _____
     _____
     _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

8.    Do you request a jury or non-jury trial? (Check only one)

(X) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _1st_ day of _February_ , 20_1_ _8_

_____
Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).