IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HUBBARD,<br><br>    Plaintiff,<br><br>v.<br><br>GARY LANIGAN, et al.,<br><br>    Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 18-2055 (AET-DEA)<br><br>**OPINION** |

APPEARANCES:

Frank Hubbard, Plaintiff Pro Se
47656/997956
New Jersey State Prison
PO BOX 861
Trenton, NJ 08625

RECEIVED
APR 23 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

I. **INTRODUCTION**

Before the Court is Frank Hubbard's ("Plaintiff") civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

Plaintiff brings this civil rights action against New Jersey Department of Corrections ("NJDOC") Commissioner Gary Lanigan, New Jersey State Prison ("NJSP") Administrator Steven Johnson, Administrative Director Mary Lang, and Dr. Ralph Woodward. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff, a convicted and sentenced prisoner at NJSP, has Hepatitis C and has been recommended for treatment with Harvoni by a specialist in 2015. Complaint ¶ 8. However, he was told during a chronic care appointment in January 2017 that he was not on NJSP's treatment list. *Id.* ¶ 9. In September 2017, Dr. Hussein entered into Plaintiff's record "you are a candidate for harvoni, waiting for administrative approval." *Id.* ¶ 10. He was confirmed to be on the treatment list on September 26, 2017. *Id.* ¶ 11.

On December 2, 2017, Plaintiff requested treatment in accordance with the contract between NJDOC and its treatment provider. *Id.* ¶ 12. He filed a grievance after being told to discuss his concerns with the provider. *Id.* ¶ 13; Exhibit B. Plaintiff spoke with a nurse practitioner and was informed that it was policy not to treat patients until a particular number

2

reached 1.6 "which means [the patient's] liver is effectively destroyed. That [he] should be treated but the administration is working with a budget." *Id.* ¶ 14.

Plaintiff alleges violations of the Eighth and Fourteenth Amendments. He also raises violations of state law and the contract between NJDOC and its medical provider.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim."

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

Plaintiff alleges denial of medical care claims under the Eighth and Fourteenth Amendments. As Plaintiff is a convicted and sentenced state prisoner, his claims shall proceed, if at all, under the Eighth Amendment.

5

## A. Official Capacity Claims

Defendants are immune from suit for monetary damages in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Plaintiff may not bring a suit against the State in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State has consented to being sued in federal court. *Will*, 491 U.S. at 66. Neither exception applies here as there is no indication New Jersey has consented to be sued, nor has Congress abrogated sovereign immunity in enacting § 1983. *See Gromek v. Maenza*, 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

## B. Denial of Medical Care

Plaintiff alleges he has been denied medical care in violation of the Eighth Amendment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.

6

See *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Afdahl v. Cancellieri*, 463 F. App'x 104, 107 (3d Cir. 2012). "To prove this claim, 'evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). Hepatitis C qualifies as a serious medical need.

The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, Plaintiff has sufficiently alleged defendants "established or enforced policies and practices directly causing the constitutional violation." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Specifically, Plaintiff alleges defendants have final policy-making authority and created a policy refusing to treat

inmates with Harvoni for budgetary reasons until they had a 1.6 score, which Plaintiff alleges means significant liver damage. This claim shall therefore be permitted to proceed. *See also Allah v. Thomas*, 679 F. App'x 216, 220 (3d Cir. 2017) (holding plaintiff stated § 1983 denial of medical care claim based on allegations that he did not receive Hepatitis C treatment because it was cost-prohibitive).

## C. State law claims

Plaintiff also alleges defendants violated state law and their contractual obligation to provide him with treatment. The Court will dismiss his breach of contract claim for lack of standing.

Other courts in this district have held that prisoners have no standing to sue for any alleged breach of contract between the State and its medical care providers; the only party with standing to sue for a breach of contract would be the State itself. *See, e.g., Ali v. Univ. Corr. Health Care*, No. 17-1285, 2017 WL 3736652, at *3 (D.N.J. Aug. 30, 2017); *Garcia v. Corr. Med. Serv.*, No. 13-1250, 2014 WL 346625, at *6 (D.N.J. Jan. 30, 2014); *Maqbool v. University Hosp. of Medicine & Dentistry of N.J.*, No. 11-4592, 2012 WL 2374689, at *4 (D.N.J. June 13, 2012); *Green v. Corzine*, No. 09-1600, 2011 WL 735745, at *4 (D.N.J. Feb. 22, 2011). The Court agrees and will dismiss the breach of contract claim.

The Court will exercise supplemental jurisdiction over Plaintiff's state law claim based on N.J. Stat. Ann. § 26:2T-1, et seq.

**V. CONCLUSION**

For the reasons stated above, the complaint will proceed in part.

An appropriate order follows.

_April 23, 2018_       _/s/ Anne E. Thompson_
Date                                 ANNE E. THOMPSON
                                         U.S. District Judge