NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HUBBARD,<br><br>          Plaintiff,<br><br>v.<br><br>GARY LANIGAN, et al.,<br><br>          Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 18-2055 (AET-DEA)<br><br>**OPINION** |

**THOMPSON, District Judge:**

This matter comes before the Court on Defendant Mary Lang's motion to dismiss the complaint for failure to state a claim. (ECF No. 34). Plaintiff Frank Hubbard opposes the motion. (ECF No. 35). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion is granted in part.

## BACKGROUND

Plaintiff, a convicted and sentenced prisoner at New Jersey State Prison ("NJSP"), has Hepatitis C and was recommended for treatment with harvoni by a specialist in 2015. (ECF No. 1 ¶ 8). However, he was told during a chronic care appointment in January 2017 that he was not on NJSP's treatment list. (*Id.* ¶ 9). In September 2017, Dr. Hussein entered into Plaintiff's

record: "you are a candidate for harvoni, waiting for administrative approval." (*Id.* ¶ 10). Plaintiff was confirmed to be on the treatment list on September 26, 2017. (*Id.* ¶ 11).

On December 2, 2017, Plaintiff requested treatment in accordance with the contract between the New Jersey Department of Corrections ("NJDOC") and its treatment provider. (*Id.* ¶ 12). He filed a grievance after being told to discuss his concerns with the provider. (*Id.* ¶ 13; Exhibit B). Plaintiff spoke with a nurse practitioner and was informed that it was policy not to treat patients until a particular number reached 1.6 "which means [the patient's] liver is effectively destroyed. That [he] should be treated but the administration is working with a budget." (ECF No. 1 ¶ 14).

Plaintiff filed this lawsuit on February 2, 2018. The Court granted his *in forma pauperis* application and screened the complaint pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 3). The Court permitted the complaint to proceed on Plaintiff's Eighth Amendment claim and preliminarily exercised supplemental jurisdiction over his state law claim that defendants violated a state statute requiring the development of Hepatitis C screening and treatment protocols, N.J. Stat. Ann. § 26:2T-1 et seq. (ECF No. 4). It dismissed Plaintiff's Fourteenth Amendment and breach of contract claims. (*Id.*).

Mary Lang, whom Plaintiff alleges to be the Administrative Director and liaison between University Corrections Healthcare and NJSP, (ECF No. 1 ¶ 6), now moves to dismiss the claims against her. She argues Plaintiff has failed to state a claim against her for violating the Eighth Amendment and N.J. Stat. Ann. § 26:2T-1. (ECF No. 34). Plaintiff opposes the motion. (ECF No. 35).[1] The matter is now ripe for disposition without oral argument. Fed. R. Civ. P. 78(b).

---

[1] Plaintiff filed a sur-reply without leave of court. The Court has not considered it for purposes of this motion. L. Civ. R. 7.1(d)(6).

2

## STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## ANALYSIS

### A. Deliberate Indifference to Medical Needs

Defendant Lang argues Plaintiff has failed to state an Eighth Amendment claim against her based on denying him harvoni treatment. To state a violation of the Eighth Amendment right to adequate medical care, a convicted and sentenced inmate must plead facts indicating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden*

3

*Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Court presumes that a Hepatitis C diagnosis is a serious medical need for purposes of the motion to dismiss only. Defendant Lang disputes the second element, arguing that Plaintiff has not adequately pled deliberate indifference.

"Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" *Natale*, 318 F.3d at 582 (quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (en banc)). The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Additionally, the Third Circuit distinguishes between "cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment." *U.S. ex rel. Walker v. Fayette Cty., Pa.*, 599 F.2d 573, 576 n.2 (3d Cir. 1979); *accord Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). "[A] delay or denial of medical treatment claim must be approached differently than an adequacy of care claim." *Pearson*, 850 F.3d at 537. In a delay or denial of care type of deliberate indifference claim, there is no presumption that defendants acted properly. *Id.* "All that is needed is for the surrounding circumstances to be sufficient to permit a reasonable jury to find that the delay or denial was motivated by non-medical factors." *Id.* Plaintiff alleges his harvoni treatment was delayed or denied; the Court analyzes Plaintiff's claim accordingly.

4

At this stage in the proceedings, the Court is required to construe the complaint liberally and give pro se plaintiffs the benefits of all reasonable inferences so long as there are sufficient facts in the complaint from which liability could be construed. Plaintiff has satisfied this requirement, if only just. He alleges Defendant Lang "is responsible for implementing and enforcing all policies and operating procedures in compliance with the contract signed between NJDOC and UCHC. . . . Defendant Lang to the best of plaintiff's knowledge also has the supervisory authority to resolve administrative disputes regarding medical treatment and care of prisoners housed at NJSP." (ECF No. ¶ 6; *see also* ¶ 9). He alleges a nurse practitioner informed him that it was policy not to treat patients until a particular number reached 1.6 "which means [the patient's] liver is effectively destroyed. That [he] should be treated but the administration is working with a budget." (ECF No. 1 ¶ 14). It is a reasonable inference from these facts that Defendant Lang created the policy that Hepatitis C patients were not to receive harvoni until their score reached 1.6 due to budgetary concerns. "[D]elay[ing] necessary medical treatment based on a non-medical reason" is indicative of deliberate indifference. *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016). *See also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (noting one way a supervisory defendant may be liable is if she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm"), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

Because Plaintiff has sufficiently stated a claim of deliberate indifference to his medical needs, Defendant Lang's motion to dismiss the Eighth Amendment claim is denied.

## B. State Law Claim

Defendant Lang argues that the state law cited by Plaintiff, N.J. Stat. Ann. § 26:2T-1, does not provide for a private cause of action. The Court agrees and will dismiss this claim.

N.J. Stat. Ann. § 26:2T-1 states in its entirety:

> The Commissioner of Health shall provide for the inclusion of all newly diagnosed cases of hepatitis C among those communicable diseases which are required to be reported by health care providers or other designated persons to the Department of Health pursuant to N.J.A.C. 8:57-1.4 and 8:57-1.5. The commissioner shall require that such information be reported directly to the department, rather than to local health departments, as the commissioner determines necessary to assist the department to develop hepatitis C disease control measures, and shall revise these requirements as necessary to reflect technological advances which improve the ability to diagnose and treat the disease.

N.J. Stat. Ann. § 26:2T-1. The plain text of the statute does not allow private citizens to bring suit for damages. When a statute does not expressly provide a private right of action, New Jersey courts "have been reluctant to infer" such a right. *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 773 A.2d 1132, 1142 (N.J. 2001). The factors used by courts to determine whether a statute confers an implied private right of action include whether: "(1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy." *Id.* at 1143. While courts give weight to all three factors, "the primary goal has almost invariably been a search for the underlying legislative intent." *Id.* (quoting *Jalowiecki v. Leuc*, 440 A.2d 21, 26 (N.J. Super. Ct. App. Div. 1981)).

Here there is no evidence that the Legislature intended there to be a private cause of action under this statute which creates a reporting requirement and imposes obligations on the Commissioner of Health. Nothing in the statute indicates there is a cause of action against

6

doctors for allegedly failing to apply those protocols. The Court dismisses this claim with prejudice. Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted in part. The state law claim is dismissed with prejudice. Defendant Lang shall answer the Eighth Amendment claim within 14 days. An accompanying Order will be entered.

July 8, 2019
Date

ANNE E. THOMPSON
U.S. District Judge

7