**NORRIS McLAUGHLIN P.A.**
Margaret Raymond-Flood, Esq.
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807-5933
(908) 722-0700
Direct: (908) 252-4228
Fax: (908) 722-0755
Email: mraymondflood@norris-law.com
*Attorneys for Defendant, Mary Lang*

| | |
|---|---|
| FRANK HUBBARD,<br><br>      Plaintiff,<br><br>v.<br><br>GARY LANIGAN, ET AL.,<br><br>      Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO. 3:18-cv-02055 (AET-DEA)<br><br>ELECTRONICALLY FILED<br><br>**ANSWER AND DEFENSES ON BEHALF OF DEFENDANT, MARY LANG** |

By way of Answer to the Complaint ("Complaint") of plaintiff, Frank Hubbard, ("Plaintiff"), defendant Mary Lang ("Lang" or "defendant") hereby states:

**JURISDICTION AND VENUE**

1. Defendant does not admit or deny the allegations of paragraph 1 of the Complaint as it sets forth legal conclusions to which no response is required.

**PREVIOUSLY DISMISSED ACTIONS**

2. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits that Frank Hubbard is a New Jersey state prisoner, but defendant does not admit or deny the remaining allegations of paragraph 3 of the Complaint as they set forth legal conclusions to which no response is required.

4. Defendant does not admit or deny the allegations of paragraph 4 of the Complaint as they are not directed at this answering defendant.

5. Defendant does not admit or deny the allegations of paragraph 5 of the Complaint as they are not directed at this answering defendant.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

7. Defendant does not admit or deny the allegations of paragraph 7 of the Complaint as they are not directed at this answering defendant.

## FACTS

8. Defendant does not admit or deny the allegations of paragraph 8 of the Complaint as they are not directed at this answering defendant.

9. Defendant denies the allegation of paragraph 9 of the Complaint which is directed at her, but does not admit or deny the remaining allegations of this paragraph as they are not directed at this answering defendant.

10. Defendant does not admit or deny the allegations of paragraph 10 of the Complaint as they refer to a document, the content of which speaks for itself.

11. Defendant does not admit or deny the allegations of paragraph 11 of the Complaint as they refer to a document, the content of which speaks for itself.

12. Defendant does not admit or deny the allegations of paragraph 12 of the Complaint as they refer to a document, the content of which speaks for itself.

13. Defendant does not admit or deny the allegations of paragraph 13 of the Complaint as they refer to a document, the content of which speaks for itself.

14. Defendant does not admit or deny the allegations of paragraph 14 of the Complaint as they are not directed at this answering defendant.

15. Defendant does not admit or deny the allegations of paragraph 15 of the Complaint as they refer to a document, the content of which speaks for itself.

16. Defendant does not admit or deny the allegations of paragraph 16 of the Complaint as they set forth a legal conclusion to which no response is required.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant repeats and realleges all responses to all paragraphs of the Complaint as if set forth at length herein and denies the allegations of paragraph 19 of the Complaint.

**Response to Cause of Action I**
**VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS**

20. Defendant repeats and realleges all responses to all paragraphs of the Complaint as if set forth at length herein and defendant denies the allegations set forth in paragraph 20 of the Complaint.

### Response to Cause of Action II
### VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

21.   Defendant repeats and realleges all responses to all paragraphs of the Complaint as if set forth at length herein and defendant denies the allegations set forth in paragraph 21 of the Complaint.

### Response to Cause of Action III
### VIOLATION OF N.J.S.A. 26:2T-1 et seq.

22.   Defendant repeats and realleges all responses to all paragraphs of the Complaint as if set forth at length herein and states that this claim was dismissed with prejudice by the Court's Order dated July 8, 2019 (ECF 50).

WHEREFORE, Defendant demands judgment in her favor dismissing Plaintiff's Complaint with prejudice, together with attorneys' fees, costs, and such other and further relief as this Court deems equitable and just.

### SEPARATE DEFENSES

#### FIRST SEPARATE DEFENSE

At all times relevant hereto, Defendant acted in good faith and without fraud or malice.

#### SECOND SEPARATE DEFENSE

Defendant did not deprive Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the United States.

#### THIRD SEPARATE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(A).

### FOURTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted, and Defendant hereby reserves the right to move at or before the time of trial to dismiss said Complaint.

### FIFTH SEPARATE DEFENSE

Defendant is protected pursuant to N.J.S.A. 2A:53A-7 (New Jersey Charitable Immunity Act) for the claims asserted herein.

### SIXTH SEPARATE DEFENSE

Plaintiff has failed to set forth in the Complaint any provision of the New Jersey Tort Claims Act which provides for liability of the public entity or its employee(s), and, therefore, Plaintiff's action is barred pursuant to N.J.S.A. 59:2-1.

### SEVENTH SEPARATE DEFENSE

Plaintiff has failed to demonstrate that any public entity employee(s) was negligent and is, therefore, barred from recovery against the public entity or any public entity employee(s) pursuant to N.J.S.A. 59:2-2(a) and (b).

### EIGHTH SEPARATE DEFENSE

To the extent the Complaint charges Defendant with liability for Plaintiff's injuries, based upon discretionary acts performed or omitted by Defendant, recovery thereunder is barred under N.J.S.A. 59:2-3 and 59:3-2.

### NINTH SEPARATE DEFENSE

Defendant is are not liable for acts taken in good faith.

## TENTH SEPARATE DEFENSE

Defendant is not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. 59:3-3.

## ELEVENTH SEPARATE DEFENSE

To the extent it is alleged, Defendant did not act with willful misconduct.

## TWELFTH SEPARATE DEFENSE

Plaintiff's sundry failures to comply with the requirements of N.J.S.A. 59:8-3 bars this action.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's action is barred by his failure to comply with N.J.S.A. 59:8-4.

## FOURTEENTH SEPARATE DEFENSE

This action is barred by Plaintiff's failure to comply with the applicable Statute of Limitations.

## FIFTEENTH SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages contained in N.J.S.A. 59:9-2 and, therefore, any award must be reduced in accordance therewith.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to interest on any monetary award.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages against Defendant.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff was contributorily and comparatively negligent and his claim for recovery must be reduced to the extent of his own negligence pursuant to N.J.S.A. 2A:15-1, *et seq.* and N.J.S.A. 59:9-4.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's allegations are barred by the doctrine of waiver.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrines of laches.

## TWENTY FIRST SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of collateral estoppel and/or equitable estoppel.

## TWENTY SECOND SEPARATE DEFENSE

Defendant breached no duty to Plaintiff and, therefore, is not liable directly or vicariously to Plaintiff.

## TWENTY THIRD SEPARATE DEFENSE

Any and all damages suffered by Plaintiff, if any, were due to Plaintiff's own negligence or that of third parties over whom Defendant had no control.

## TWENTY FOURTH SEPARATE DEFENSE

No act or omission of Defendant was the proximate cause of Plaintiff's injuries, and Plaintiff's own conduct constituted an intervening and superseding cause.

## TWENTY FIFTH SEPARATE DEFENSE

Defendant acted as a reasonably prudent person at all relevant times.

## TWENTY SIXTH SEPARATE DEFENSE

Defendant acted in good faith at all relevant times.

## TWENTY SEVENTH SEPARATE DEFENSE

Defendant is immune from civil liability for any damages sought by Plaintiff pursuant to N.J.S.A. 30:4-16 *et seq.*

## TWENTY EIGHTH SEPARATE DEFENSE

Plaintiff's action is subject to all affirmative defenses available pursuant to the Prison Litigation Reform Act of 1995.

## TWENTY NINTH SEPARATE DEFENSE

Plaintiff has failed to allege any facts which support a claim(s) under the federal or state constitutions, or under any federal, state, or local statutes or regulations.

## THIRTIETH SEPARATE DEFENSE

Plaintiff has not demonstrated deliberate indifference to a serious medical need.

## THIRTY FIRST SEPARATE DEFENSE

Defendant reserves her right to amend her Answer and assert additional Separate Defenses as may become apparent during the course of discovery in this matter.

## THIRTY SECOND SEPARATE DEFENSE

To the extent Plaintiff asserts a claim(s) based on allegations of medical malpractice, Defendant asserts any and all defenses under the Affidavit of Merit Statute, N.J.S.A. 2A:53-27.

## THIRTY THIRD SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9.

## THIRTY FOURTH SEPARATE DEFENSE

Plaintiff's Complaint contains insufficient information to permit Defendant to raise all appropriate defenses, and, therefore, Defendant reserves the right to amend and/or supplement this Answer with additional affirmative defenses.

WHEREFORE, Defendant demands judgment in her favor dismissing Plaintiff's Complaint with prejudice, together with attorneys' fees, costs, and such other and further relief as this Court deems equitable and just.

NORRIS McLAUGHLIN, P.A.
Attorneys for Defendant, Mary Lang

Dated: July 22, 2019          By: _____
                                   Margaret Raymond-Flood