NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HUBBARD, | Civ. No. 18-2055 |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| GARY LANIGAN *et al.*, | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Plaintiff Frank Hubbard's Appeal of Magistrate Judge Douglas E. Arpert's July 8, 2019 Order denying Plaintiff's Motion to Compel. (Appeal, ECF No. 53; Order, ECF No. 48.) Plaintiff, a convicted and sentenced prisoner at New Jersey State Prison ("NJSP"), brings this *pro se* action to challenge the treatment he received in regard to his Hepatitis C infection. (*See* Compl. ¶¶ 1, 8–15, ECF No. 1.) He alleges that Defendant Mary Lang, whom Plaintiff alleges to be the Administrative Director and liaison between University Corrections Healthcare and NJSP, violated his Eighth Amendment right by showing deliberate indifference to Plaintiff's medical treatment. (*Id.* ¶¶ 6, 20.)

On April 1, 2019, Plaintiff moved to compel Defendant Lang to answer Plaintiff's Requests for Admissions. (Mot. at 1, ECF No. 40.) Defendant Lang had responded in a timely manner, but Plaintiff found the answers to be "evasive, illogical and redundant." (*Id.*) Plaintiff explained that "these questions are necessary for Plaintiff to prove his case, and to show the court the process employed to treat prisoners infected with [H]epatitis C." (*Id.*) Three of those questions are of import here:

1

> Request No. 5: When a prisoner has been diagnosed with Hepatitis C is he treated immediately[?]
>
> Request No. 6: Is there a waiting list for prisoners with [H]epatitis C to be treated[?]
>
> Request No. 8: Is it the practice of NJSP to delay treatment to prisoners with chronic HCV until their liver function has reached a certain level[?]

(Answer to Reqs. for Admis., Ex. 1, ECF No. 40.)

On July 8, 2019, Magistrate Judge Arpert denied Plaintiff's Motion to Compel. After correctly stating that Rule 36 of the Federal Rules of Civil Procedure allows a party to serve a written request to admit matters relating to (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents (Order at 1 (citing Fed. R. Civ. P. 36(a)(1)), Magistrate Judge Arpert addressed each of the three requests at issue in this Appeal. In regard to Request Nos. 5 and 6, he found that they "lack the specificity necessary for [Defendant] Lang to properly respond" as they "contain no time frame and include no factual detail specifying the exact 'condition,' 'treatment,' or 'specialist' to which Plaintiff is referring." (*Id.* at 2.) In regard to Request No. 8, Magistrate Judge Arpert found that it related to the actions of NJSP, so Defendant Lang, whom Plaintiff alleges to be an employee of University Correctional Health Care, appropriately declined to admit or deny the Request. (*Id.* at 3.)

In the District of New Jersey, "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter." L. Civ. R. 72.1(c)(1)(A). Upon appeal, the District Judge shall "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *Id.* However, a Magistrate Judge's "determination in a discovery dispute is entitled to great deference and reversible only for an abuse of discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Dome Petroleum v. Emp'rs*

*Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990)); *see also* Allyn Z. Lite, New Jersey Federal Practice Rules 458–61 (2019 ed.) (collecting cases). "An abuse of discretion occurs when a court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact' or 'when no reasonable person would adopt the district court's view.'" *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 858 F.3d 787, 792 n.22 (3d Cir. 2017) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

In light of this stringent standard, Plaintiff fails to carry his burden in demonstrating that Magistrate Judge Arpert abused his discretion in issuing his July 8, 2019 Order. Request Nos. 5 and 6, indeed, lack the requisite specificity to respond properly, and Request No. 8 assumes that Defendant Lang, allegedly an employee of University Correctional Health Care, has direct knowledge concerning the practices of NJSP. And importantly, Magistrate Judge Arpert correctly pointed out that, given the fact that discovery does not close until October 2019 (*see* Am. Scheduling Order, ECF No. 43), "Plaintiff may choose to revise his Requests and/or seek the information through other discovery vehicles, such as interrogatories" (Order at 3).

Accordingly, for the foregoing reasons,

IT IS on this 14th day of August, 2019,

ORDERED that Plaintiff's Appeal of Magistrate Judge Decision (ECF No. 53) is DENIED; and it is further

ORDERED that Magistrate Judge Douglas E. Arpert's July 8, 2019 Order (ECF No. 48) is AFFIRMED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.